### HENRY LINIMAN v. WILLIAM H. DUNNICK ET AL.

REMEDY OF JUDGMENT DEBTOR, WHERE JUDGMENT WAS SOLD BY CREDITOR, AFTER ASSIGNMENT IN INSOLVENCY.

> K. made an assignment under the state law, of all his assets, including a judgment against L. After making the assignment and after the qualification of the assignee, K. sold and transferred this judgment to D., who brought suit thereon and recovered judgment by default against L. (who had no *personal* knowledge of the assignment by K. under the insolvent laws); D. is now seeking to enforce the same: *Held:* That in order to entitle L. to an injunction restraining D. from collecting the judgment, he must bring the fund necessary to pay the same into court, make all parties claiming it parties, and call upon them to interplead, so that the court may determine their respective rights.

APPEAL from the Court of Common Pleas of Franklin county.

STEWART, J.

This cause came into this court by appeal, and is at this time submitted upon a motion .to dissolve the temporary injunction heretofore granted, and upon a general demurrer to the second amended petition.

563                       Liniman v. Dunnick et al.

This petition sets forth substantially the following facts:

In July, 1877, one K. received a judgment before a justice of the peace against the plaintiff (L.), and afterwards filed a transcript thereof in the clerk's office. In 1878, K. made an assignment under the state law of all his property and choses in action for the benefit of his creditors, and his assignee duly qualified, and is still acting as such. Subsequently to the appointment and qualification of said assignee, K. assigned the judgment against plaintiff to the defendant D., who brought suit thereon and recovered judgment by default for the full amount. On this last judgment execution has been issued, and is about to be levied on plaintiff's chattels. Plaintiff avers that he was ignorant of the assignment by K. under the insolvent laws, and therefore could not defend in that regard in the suit brought by defendant D.; that D. knew of the assignment under the insolvent laws by K., at the time of the transfer to him of the judgment, and that unless the defendant D. is restrained from enforcing the same, he may be compelled to pay the judgment twice, and thus suffer irreparable loss and injury; and for all this he has no adequate legal remedy.

As no affidavits have been filed in support of or against the motion to dissolve the preliminary injunction, it and the demurrer present for decision the same question, viz.: Does this petition state such a case as calls upon a court of equity to enjoin the collection of a judgment at law?

" The general principle underlying the jurisdiction of courts of equity in such cases is, that it must be against conscience to execute the judgment sought to be enjoined; and it must clearly appear that the person aggrieved could not avail himself at law of the equities relied upon to enjoin the judgment; or if he was in a condition to avail himself of such equities in defense of the action at law, that he was prevented from so doing by accident, mistake or surprise, or by fraud of the adverse party, unmixed with laches or negligence of his own. In accordance with this principle a judgment will not be enjoined, where there is no evidence of a good defense to the merits, or that the judgment is contrary to equity or good conscience. And where complainant fails to show due diligence in availing himself of his defense at law, an injunction already granted may be dissolved, even though no answer is filed, it having been improperly awarded in the first instance. And unless required so to do by motives of public policy, the court never will, against equity and good conscience, arrest proceedings at law." 1 High on Injunctions, sec. 114.

There is no fraud charged here, unless, constructively in the allegation that D. knew of the assignment when he brought this judgment, and nevertheless seeks to enforce its collection, *knowing* that in law he can have no title. To excuse plaintiff's apparent laches and negligence, he avers ignorance on his part of the assignment under the insolvent laws. Was he not bound to know of it? Was not the published notice of the assignment and assignee's appointment constructive notice to him? If he did know of it, D.'s knowledge would not avail plaintiff in this suit, nor give him any standing in a court of equity. But we are not called upon in this case, viewing it as we do, to decide whether that was notice to him or not. We think the plaintiff has not brought before the court the proper parties for the determination of his rights if he has any. From all that appears in this petition, D. is the only party asserting any claim to this judgment, or attempting to collect it. It is true that the petition alleges that if he pays D. he will not be relieved from paying the assignee of K., but it nowhere appears that the assignee is asserting any claim, or attempting to collect the judgment. From aught that appears in this petition, the assignee may be acquiescing in D.'s claim; and in the absence of a superior legal claim, D. has a clear right to collect the judgment. Plaintiff admits that he owes the money, that he ought to pay it, but does not want to pay it but once. A court of equity will not *presume* that he is going to be compelled to pay it twice, or that more than one creditor is going to try and collect it. As we view this case, plaintiff's only rights are, to bring into court a fund sufficient to pay this judgment, and

bring before the court all the parties claiming the same; then by requiring them to interplead, setting forth their respective claims, he can call upon the court to decide which is entitled to the fund, and to enjoin the other from further attempting to collect it. Failing to proceed in that way, there is here apparently nothing calling upon a court of equity to act in his behalf.

Upon motion of plaintiff, leave is given him to amend his petition accordingly, and upon that being done the motion and demurrer will be overruled.

C. T. Clark and H. F. Guerin, for plaintiff.

E. B. Jewett, for defendant Dunnick.